*610 OPINION.
Ssiitii :
The petitioner claims a credit in Ms individual tax return for the year 1917 of $3,446.99, representing the amount of the tax assessed upon the corporation return filed by the Harrisburg Wholesale Grocery Co. for that year and paid by the corporation. It is the petitioner’s contention that the corporation had no taxable income for the calendar year 1917 and that it filed a return for that year by mistake; that the amount paid as a tax upon such return was in fact paid by the petitioner himself upon his income for that year and should, therefore, be allowed as a credit in his individual tax return of that year.
The evidence shows that the income reported in the tax return filed by the corporation for the year 1917 was the income of the petitioner individually and that the corporation probably had no income in the year 1917, it having been incorporated December 24 of that year and not having actually taken over the business until January 1, 1918. Granting, however, that the corporation erroneously filed a return for the year 1917 and paid the tax computed thereon by mistake, we fail to see how the amount so paid can be allowed as a credit against the tax due on the petitioner’s individual return for that year. The evidence shows that the corporation and not the petitioner actually paid the amount in dispute with its own check. At the time the corporation filed the return and paid the amount assessed thereon it was in every respect a complete entity. These were unquestionably the acts of the corporation to which the petitioner herein was not legally a party. The corporation is not a party to this proceeding and we are not called upon to determine its tax liability for any year. If, as appears to be the fact, the *611 corporation has paid as a tax an amount which it did not owe the Government, it must seek its remedy in its own right.
From the statement contained in respondent’s deficiency letter of February 27, 1926, above quoted, it appears that no claim for a credit or refund in respect of any overpayment of taxes for the year 1917 was filed by the corporation within the five-year period from the date of filing the return as provided in section 252 of the Revenue Acts of 1918 and 1921. So far as the evidence shows, the respondent did not represent to the petitioner prior to the expiration of the five-year period that any such credit or refund would be allowed the corporation. Under these circumstances it can not be said that the petitioner herein or' the corporation was misled by any promise made by the respondent.
In the facts shown we do not find sufficient reason for denying the existence of separate taxable entities in the petitioner and the corporation for the year before us as the petitioner asks us to do. The evidence fails to show that the petitioner herein paid the amount in question as a tax upon his income and we, therefore, must hold that he is not entitled to any credit in respect thereof.
Reviewed by the Board.
Further froeeedings herein will he had under Rule 68 (e) and (d).